Michael S. Kogan (SBN 128500)
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325
mkogan@ecjlaw.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CENTERSTONE DIAMONDS, INC.,<br><br>Debtor.<br>*Jointly Administered with*<br><br>In re MICHAEL BEAUDRY, INC.,<br><br>Debtor.<br><br>☐ *Applies only to Centerstone Diamonds, Inc.*<br>☐ *Applies only to Michael Beaudry, Inc.* | Case No. 2:09-bk-23944-VZ<br><br>Chapter 11<br>(Jointly Administered With 2:09-bk-23945-VZ)<br><br>Adv No. 2:10-ap-01345-VZ<br><br>**AMENDED NOTICE OF MOTION FOR A PRELIMINARY INJUNCTION AGAINST FCC, LLC**<br><br>Date:    July 22, 2010<br>Time:   11:00 a.m.<br>Place:   Courtroom 1368<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |
| CENTERSTONE DIAMONDS, INC. and<br>MICHAEL BEAUDRY, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>FCC, LLC, a Florida limited liability company<br>dba FIRST CAPITAL WESTERN REGION,<br>LLC,<br><br>        Defendant. | |

**PLEASE TAKE NOTICE THAT,** Centerstone Diamonds, Inc. ("CDI") and Michael Beaudry Inc. ("MBI"), the debtors and debtors in possession herein in these jointly administered bankruptcy cases (the "Debtor") has filed the Motion for A Preliminary Injunction Against FCC,

IDOCS:12999.3:1039638.2

AMENDED NOTICE OF MOTION FOR A PRELIMINARY INJUNCTION AGAINST FCC, LLC

1  LLC ("FCC") (the "Motion").

2      A hearing to consider the Motion will occur on **July 22, 2010** at 11:00 a.m., or as soon
3  thereafter as counsel may be heard (the "Hearing"), in the United States Bankruptcy Court for the
4  Central District of California, Los Angeles Division, located at 255 E. Temple Street, Los
5  Angeles, California 90012, before the Honorable Vincent Zurzolo.

6      Pursuant to the Motion, CDI and MBI seek a preliminary injunction enjoining FCC from
7  pursuing its separate complaint filed in the Superior Court of Los Angeles (the "State Court
8  Action") against Michael Beaudry ("M. Beaudry"), the Debtor's President and sole shareholder,
9  his wife who markets for the Debtor, Laura Beaudry ("L. Beaudry"), and the Debtor's landlord,
10 MGB 8th Street, L.P. (the "Landlord", together with M. Beaudry and L. Beaudry, the "Related
11 Parties"). The Debtor also seeks an order enjoining FCC from pursuing any claims against the
12 Related Parties in any forum for the duration of the bankruptcy case.

13     The Ninth Circuit's holding in In re Excel Innovations, Inc., 502 F.3d 1086 (9th Cir. 2007)
14 enables the Court to issue an injunction to stay a proceeding against a non-debtor party if the
15 proceeding will disrupt the debtor's reorganization. As set forth in detail below, the Related
16 Parties are critical to the Debtor's plan of reorganization (the "Plan"), which is based on
17 continuing to operate a first-class jewelry business. Because the State Court Action seeks
18 damages against the Related Parties for an alleged default with respect to a loan used to operate
19 the Debtor's business, the State Court Action threatens to impair the Related Parties' ability to
20 consummate the transactions necessary for a Plan. Moreover, the State Court Action places the
21 Debtor's Plan at risk by diverting the Related Parties' ability to operate the Debtor as a debtor in
22 possession by focusing their attention on the defense of legal actions which directly affect the
23 Debtor. If the Debtor fails to successfully reorganize by virtue of the State Court Action, then its
24 creditors will be unable to fully recoup the debts owed to them while FCC will have circumvented
25 the bankruptcy process to collect its claims ahead of the Debtor's remaining creditor body.
26 Therefore, as set forth in detail below, the Court should enter an order enjoining and restraining
27 FCC from pursuing the State Court Action, staying the State Court Action until the Debtor's
28 reorganization is completed, and enjoining and restraining FCC from pursuing any claims against

ERVIN COHEN & JESSUP LLP

the Related Parties.

The Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Michael Beaudry (the "Beaudry Declaration") attached thereto, the arguments and statements of counsel to be made at the hearing on the Motion, and other admissible evidence properly brought before the Court. Any party desiring a copy of the Motion or any other documents in support thereof, may obtain a copy from the Clerk of the Court, or counsel for the Debtor.

Pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to the Motion must be in writing, filed with the Court and served upon counsel for the Debtor and the Office of the United States Trustee not later than 14 days before the date designated for hearing. Failure to timely file and serve a written response may be deemed by the Court to be consent to granting the requested relief

DATED: May 25, 2010                ERVIN COHEN & JESSUP LLP

By: /s/ Michael S. Kogan
Michael S. Kogan
Attorneys for Centerstone Diamonds, Inc. and
Michael Beaudry, Inc.

| | |
|---|---|
| In re: CENTERSTONE DIAMONDS INC.<br>*(Jointly Administered with)*<br>In re: MICHAEL BEAUDRY, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-bk-23944-VZ<br>*(Jointly Administered with)* 2:09-bk-23945-VZ<br>Adversary No. 2:10-ap-01345-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Boulevard, 9th Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing documents described as: AMENDED NOTICE OF MOTION FOR A PRELIMINARY INJUNCTION AGAINST FCC, LLC will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 26, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On May 26, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 26, 2010 | Kimberly Anthony | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

IDOCS:12999.3:1025618.1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                               F 9013-3.1

| | |
|---|---|
| In re: CENTERSTONE DIAMONDS, INC.<br>*(Jointly Administered with)*<br>In re: MICHAEL BEAUDRY INC.<br>Centerstone Diamonds, Inc. and Michael Beaudry, Inc. v. FCC, LLC dba First Capital Western Region, LLC<br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-bk-23944-VZ<br>(Jointly Administered With 2:09-bk-23945-VZ)<br>Adv. No. 2:10-ap-01345-VZ |

**ADDITIONAL SERVICE INFORMATION (if needed):**

<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Louis E Kempinsky on behalf of Creditor FCC LLC - lkempinsky@pwkllp.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Julian I Gurule on behalf of Interested Party Courtesy NEF - jgurule@pwkllp.com, jkeith@pwkllp.com

<u>Via U.S. Mail</u>

Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple St. #1360
Los Angeles, CA 90012

<u>Debtor(s)</u>

Centerstone Diamonds Inc.
323 W. 8th St.
Los Angeles, CA 90014

Michael Beaudry Inc.
323 W. 8th St.
Los Angeles, CA 90014

IDOCS:12999.3:1025618.1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9013-3.1