Michael S. Kogan (SBN 128500)
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325
mkogan@ecjlaw.com

Attorneys for Debtor

Louis E. Kempinsky (State Bar No. 90068)
*lkempinsky@pwkllp.com*
John C. Keith (State Bar No. 229755)
*jkeith@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for FCC, LLC
d/b/a First Capital Western Region, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re CENTERSTONE DIAMONDS, INC., | Case No. 2:09-bk-23944-VZ |
| Debtor. | (Jointly Administered with 2:09-bk-23945 VZ) |
| *Jointly Administered with* | Chapter 11 |
| In re MICHAEL BEAUDRY, INC., | Adv No. 2:10-ap-01345-VZ |
| Debtor. | **STIPULATION EXTENDING DEADLINE TO RESPOND TO ADVERSARY COMPLAINT** |
| ☐ *Applies only to Centerstone Diamonds, Inc* <br> ☐ *Applies only to Michael Beaudry, Inc.* | Date:    July 22, 2010 <br> Time:    10:00 a.m. <br> Place:   Courtroom 1368 |

      Centerstone Diamonds, Inc. ("CDI") and Michael Beaudry Inc. ("MBI"), the debtors and debtors in possession herein in these jointly administered bankruptcy cases (collectively, the "Debtors") and FCC, LLC ("FCC"), by and through their respective attorneys, hereby submit this Stipulation Extending Deadline To Respond To Adversary Complaint (the "Stipulation"), with reference to the following facts:

1. On March 16, 2010, The Debtors commenced the above-captioned adversary proceeding by filing their complaint against FCC (the "Complaint").

2. FCC's initial deadline to respond to the Complaint was April 15, 2010. Pursuant to the parties' stipulations filed on April 13, 2010 and April 22, 2010 (Docket Nos. 12, 15), this Court, on May 5, 2010, ordered that FCC's deadline to respond to the Complaint be extended to May 22, 2010 (Docket No. 16). On May 21, 2010, the parties agreed to extend FCC's deadline to respond to the Complaint to June 2, 2010.

3. The parties have entered into a comprehensive agreement (the "Settlement Agreement"), made as of May 21, 2010 (the "Agreement Date"), to settle their respective claims. A true and correct copy of the Settlement Agreement has been filed with the Court in the above-captioned jointly-administered chapter 11 cases as Exhibit A to the Motion Of Debtor For Sale Of Property Free And Clear Of Liens (Docket No. 285).

4. The Settlement Agreement provides, among other things, that the parties will seek the entry of an order that contains, among other things, the following relief (the "Sale Order"): the approval of the Settlement Agreement and of all of the actions and transactions contemplated therein; and the approval of a sale Free And Clear (as defined in the Settlement Agreement) pursuant to Bankruptcy Code Section 363(k) of the inventory owned by the Debtors as of March 12, 2010, at which sale FCC will be allowed to credit bid.

5. The Settlement Agreement also provides, among other things, that the Effective Date of the Settlement Agreement (a date on or following which certain obligations contemplated by the Settlement Agreement will arise, and certain actions and transactions contemplated by the Settlement Agreement will commence, all as expressly set forth in the Settlement Agreement) shall be the first

1 | business day on which the Sale Order is not stayed either pursuant to Rule 6004(h) of the Federal Rules
2 | of Bankruptcy Procedure or pursuant to some other applicable rule, statute or Court order; provided that
3 | if the Effective Date and the Full Satisfaction Event (as defined in the Settlement Agreement), do not
4 | both occur prior to June 25, 2010, or such later date as the Parties may agree in a writing signed by all
5 | Parties ("Deadline Date"), or if, prior to the Deadline Date, this Court denies the request for the entry of
6 | the Sale Order ("Denial Order"), the Settlement Agreement automatically will terminate and be of no
7 | further force or effect as of the Deadline Date, or, in the event of a Denial Order, as of the date of entry
8 | of the Denial Order ("Termination Date").

9 |   6.  The Settlement Agreement further provides, among other things, that no later than two
10 | (2) business days following the Agreement Date, the Debtors will, among other things, file a stipulation
11 | extending FCC's time to respond to the Complaint to the later of ten (10) days following the Effective
12 | Date or ten (10) days following the Termination Date.

13 | **WHEREFORE**, it is hereby stipulated by and among the Debtors and FCC, through their
14 | respective attorneys, that, upon entry of an order granting this Stipulation, the deadline for FCC to
15 | respond to the Complaint is extended to the later of ten (10) days following the Effective Date or ten
16 | (10) days following the Termination Date.

DATED: June 4, 2010          ERVIN COHEN & JESSUP LLP


By: _____
    Michael S. Kogan
    Attorneys for Centerstone Diamonds, Inc. and
    Michael Beaudry, Inc.


DATED: June 4, 2010          PEITZMAN, WEG & KEMPINSKY LLP


By: _____/s/ Louis E. Kempinsky_____
    Louis E. Kempinsky
    Attorneys for FCC, LLC

06/04/2010 Case 2:10-ap-01345-VZ Doc 21   Filed 06/04/10   Entered 06/04/10 16:26:44   Desc 007
Main Document    Page 4 of 6

1 | business day on which the Sale Order is not stayed either pursuant to Rule 6004(h) of the Federal Rules
2 | of Bankruptcy Procedure or pursuant to some other applicable rule, statute or Court order; provided that
3 | if the Effective Date and the Full Satisfaction Event (as defined in the Settlement Agreement), do not
4 | both occur prior to June 25, 2010, or such later date as the Parties may agree in a writing signed by all
5 | Parties ("Deadline Date"), or if, prior to the Deadline Date, this Court denies the request for the entry of
6 | the Sale Order ("Denial Order"), the Settlement Agreement automatically will terminate and be of no
7 | further force or effect as of the Deadline Date, or, in the event of a Denial Order, as of the date of entry
8 | of the Denial Order ("Termination Date").

9 |     6.    The Settlement Agreement further provides, among other things, that no later than two
10 | (2) business days following the Agreement Date, the Debtors will, among other things, file a stipulation
11 | extending FCC's time to respond to the Complaint to the later of ten (10) days following the Effective
12 | Date or ten (10) days following the Termination Date.

13 | **WHEREFORE**, it is hereby stipulated by and among the Debtors and FCC, through their
14 | respective attorneys, that, upon entry of an order granting this Stipulation, the deadline for FCC to
15 | respond to the Complaint is extended to the later of ten (10) days following the Effective Date or ten
16 | (10) days following the Termination Date.

17 | DATED: June 4, 2010     ERVIN COHEN & JESSUP LLP

20 | By: _____
   | Michael S. Kogan
21 | Attorneys for Centerstone Diamonds, Inc. and
   | Michael Beaudry, Inc.

23 | DATED: June 4, 2010     PEITZMAN, WEG & KEMPINSKY LLP

25 | By: _____
   | Louis E. Kempinsky
26 | Attorneys for FCC, LLC

-3-

| In re: CENTERSTONE DIAMONDS, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-23944-VZ |
| | ADV. CASE NO.: 2:10-ap-01345-VZ |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, Suite 1450, Los Angeles, CA 90067.**

The foregoing document described **Stipulation Extending Deadline to Respond to Adversary Complaint**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 4, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Julian I Gurule    jgurule@pwkllp.com, jkeith@pwkllp.com
- Peter F Jazayeri    pjazayeri@ecjlaw.com
- Louis E Kempinsky    lkempinsky@pwkllp.com
- Michael S Kogan    mkogan@ecjlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **June 4, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Served by Overnight Mail**
Honorable Vincent P. Zurzolo
Judge of the United States Bankruptcy Court
United States Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

| In re: CENTERSTONE DIAMONDS, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-23944-VZ |
| | ADV. CASE NO.: 2:10-ap-01345-VZ |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 4, 2010 | Matthew M. Dryer | /s/ Matthew M. Dryer |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                       **F 9013-3.1**